**201THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Joey Latwan Gibson, Appellant.

Appellate Case No. 2016-001585

Appeal From Darlington County
Roger E. Henderson, Circuit Court Judge

Unpublished Opinion No. 2019-UP-137
Submitted March 1, 2019 – Filed April 17, 2019

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Caroline M. Scrantom, all of Columbia; and Solicitor William Benjamin Rogers, Jr., of Bennettsville, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Cardwell*, 414 S.C. 416, 424, 778 S.E.2d 483, 487 (Ct. App. 2015) ("In criminal cases, this court sits to review errors of law only."); *id.* at 425, 778 S.E.2d at 488 ("The court will only reverse the [trial] court's ruling on a motion to suppress when there is clear error."); *State v. Khingratsaiphon*, 352 S.C. 62, 70, 572 S.E.2d 456, 459-60 (2002) (explaining that on appeal from a Fourth Amendment motion to suppress, an appellate court will only reverse the trial court if there is clear error and will affirm if there is any evidence to support the ruling); *State v. Tindall*, 388 S.C. 518, 521, 698 S.E.2d 203, 205 (2010) ("The Fourth Amendment to the Constitution of the United States grants citizens the right to be secure against unreasonable search and seizure."); *State v. Forrester*, 343 S.C. 637, 645, 541 S.E.2d 837, 841 (2001) ("The South Carolina Constitution, with an express right to privacy provision included in the article prohibiting unreasonable searches and seizures, favors an interpretation offering a higher level of privacy protection than the Fourth Amendment."); *Robinson v. State*, 407 S.C. 169, 185, 754 S.E.2d 862, 870 (2014) ("Evidence seized in violation of the warrant requirement must be excluded from trial."); *id.* ("However, a warrantless search may nonetheless be proper under the Fourth Amendment if it falls within one of the well-established exceptions to the warrant requirement."); *Palacio v. State*, 333 S.C. 506, 514, 511 S.E.2d 62, 66 (1999) ("The constitutional immunity from unreasonable searches and seizures may be waived by valid consent."); *id.* ("The existence of consent is determined from the totality of the circumstances."); *id.* ("On a motion to suppress, the State has the burden of proving the validity of the consent."); *Forrester*, 343 S.C. at 645, 541 S.E.2d at 841 ("[L]ike the federal standard, our state standard does not require a law enforcement officer conducting a search to inform the defendant of his right to refuse consent."); *State v. Abdullah*, 357 S.C. 344, 351, 592 S.E.2d 344, 348 (Ct. App. 2004) ("The exigent circumstances doctrine provides an exception to the Fourth Amendment[']s protection against warrantless searches, but only where, from an objective standard, a compelling need for official action and no time to secure a warrant exist."); *State v. Counts*, 413 S.C. 153, 174, 776 S.E.2d 59, 71 (2015) (finding the exigent circumstances exception to South Carolina's constitutional protection against warrantless searches applied when the defendant answered his door holding a gun); *State v. Dobbins*, 420 S.C. 583, 592, 803 S.E.2d 876, 880 (Ct. App. 2017) ("The Fourth Amendment does not prevent an officer from making a warrantless . . . search if the officer reasonably believes there is a risk that the evidence will be destroyed before he or she can obtain a search warrant."); *id.* ("Exigent circumstances—such as imminent destruction of evidence, the potential for a suspect to flee, or a risk of danger to police or others—may justify a warrantless entry, but absent hot pursuit, there must be at least probable cause to

believe the exigent circumstances were present."); *State v. Morris*, 411 S.C. 571, 580, 769 S.E.2d 854, 859 (2015) ("Probable cause to conduct a search exists where 'the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.'" (quoting *Ornelas v. U.S.*, 517 U.S. 690, 695 (1996))); *id.* at 581, 769 S.E.2d at 859 ("[D]etermining whether an officer has probable cause to conduct a warrantless search depends on the totality of the circumstances.").

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, AND HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.